CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRANK BELTRAN III,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:07cv00192<br>) |
| v. | )　**MEMORANDUM OPINION and**<br>)　**ORDER** |
| HOME DEPOT<br>and<br>PAT FISCHETTI,<br>　　Defendants. | )<br>)　By: Samuel G. Wilson<br>)　United States District Judge<br>)<br>)<br>) |

This is an action filed by plaintiff, Frank Beltran III, against Home Depot and Pat Fischetti, (collectively, "defendants"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., during the time Home Depot employed Beltran in two of its Virginia retail stores. Beltran alleges that Home Depot discriminated against him on the basis of his race during the course of his employment and claims that Mr. Fischetti allowed such discrimination to occur and then retaliated against him after he complained to Home Depot's corporate office on October 31, 2004. The defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1] First,

---

[1] Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). This court must also accept as true the facts set forth in the exhibits attached to the complaint. See Fed. R. Civ. P. 10(c); E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (examining a lease attached to a complaint). When a civil rights claim is involved, the court "must be especially solicitous of the wrongs alleged" and should "not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" Edwards, 178 F.3d at 244 (internal quotation marks omitted).

the defendants argue that the claims against Fischetti should be dismissed because supervisors may not be held liable in their individual capacities for Title VII violations. Second, the defendants contend that Beltran's racial discrimination claim is time-barred because Beltran failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission. Finally, the defendants argue that Beltran has not stated a viable claim of retaliation because his allegations fail to show any causal connection between his alleged protected activity and the alleged retaliation by the defendants.

Because Title VII does not authorize a remedy against individuals in their supervisory capacities, see Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998), this court dismisses Beltran's claims against his supervisor, Fischetti. Beltran has acknowledged that his claim of racial discrimination is time-barred; accordingly, this court also dismisses Beltran's claim of race discrimination. However, given the remedial purpose of Title VII and the court's obligation to liberally construe Beltran's complaint, the court finds that Beltran has properly stated a claim for retaliation against Home Depot. Therefore, it is hereby **ORDERED** and **ADJUDGED** that the defendants' motion to dismiss is **GRANTED**, in part, and **DENIED**, in part.

**ENTER:** This 3rd day of July, 2007.

United States District Judge

2